1  Timothy R. Hanigan (State Bar No. 125791)
   trhanigan@gmail.com
2  Arthur Carvalho, Jr. (State Bar No. 125370)
   acarvalho@lhcllp.com
3  LANG, HANIGAN & CARVALHO, LLP
   21550 Oxnard Street, Suite 760
4  Woodland Hills, California 91367
   Telephone: (818) 883-5644
5  Facsimile:  (818) 704-9372

6  Attorneys for Plaintiffs
   808 Holdings, LLC
7

8  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
9

| | |
|---|---|
| 10  808 HOLDINGS, LLC, a California limited liability company, | Case No.: CV12-2250 CAS(Ex) |
| 11  Plaintiff, | **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |
| 12  vs. | |
| 13  RICHARD ASHCRAFT, an individual; and MICHAEL BURT, an individual; as members of the COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63 C23C91ON, and DOES 1 through 10, inclusive, | |
| 17  Defendants. | |

21   On November 30, 2012, Judge Christina A. Snyder issued an Order to Show Cause why

22  Plaintiff's complaint against defendants "should not be dismissed for lack of prosecution **as to**

23  **defendant**." [ECF 15] (emphasis on original). Plaintiff 808 HOLDINGS, LLC ("Plaintiff") submits

24  this Response as its answer to the show cause order as to why the complaint should not be

25  dismissed.

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

## I. ARGUMENT

Plaintiff filed the present copyright infringement suit on March 16, 2012, against ten (10) Doe Defendants ("Does" or "Defendants"), each of whom were identified solely by their Internet Protocol ("IP") address and the date and time of infringement. Shortly after the complaint was filed, Plaintiff moved for early discovery to subpoena the relevant subscriber records from the Doe's Internet Service Providers ("ISPs"), so as to uncover their identities. The Court granted this motion for early discovery on April 3, 2012 and Plaintiff diligently served subpoenas on the ISPs within the week. Under the terms of the Court Order authorizing early discovery, the ISPs were given 21 days to comply with the notice provisions contained in 47 U.S.C. § 551 (c)(2)(B) and to respond to the subpoena.

In practice, however, many ISPs require additional time to notify their respective subscribers and produce the requested information. In the case at bar, one ISP informed Plaintiff that it required additional research to properly respond to the subpoena, and another required a number of meet-and-confer engagements to settle on the scope and costs of the response. Since these requests were reasonable under the circumstances and were necessary measures to minimize the subpoena's burden, as a professional courtesy, Plaintiff agreed to give the ISPs the additional time they requested. Furthermore, 2 of the Doe Defendants challenged Plaintiff's subpoenas, which further delayed production by an ISP. As a result, Plaintiff did not receive the bulk of the records it requested until August and 2 were not received until late October. Further, the ISP Comcast has informed Plaintiff that it requires additional time to research a number of remaining IP addresses.

In addition, and as a matter of courtesy as to the Does whose identity Plaintiff is aware, Plaintiff allows these defendants time to resolve, or, in the alternative, hire counsel, before amending the pleadings to name defendants who seek the speedy resolution of this matter. This course of action has proven beneficial to both sides as it allows defendants to inform Plaintiff of any

//

unique circumstances that may absolve them of liability and/or allow Plaintiff to confirm its good faith belief that a particular Doe is the actual infringers identified in the Complaint.

Since the date of the Court's original Order to Show Cause ("OSC"), Plaintiff moved for an amendment to the complaint, which was granted on January 22, 2013. Plaintiff then amended its complaint to include the properly named defendants in place of their respective Doe designations on January 24, 2013. Since that time, Plaintiff has made diligent attempts to serve the newly named defendants. See Exhibit 1.

These defendants were just recently named by the Court-ordered amended complaint. For defendants added by later amendments to the complaint, the 120-day period runs from the date of the amendment, rather than from when the original complaint was filed: "To interpret the rule otherwise would restrict the time available for adding defendants to within 120 days after commencement. That result would contradict the relation-back provision of Rule 15(c)" *McGuckin v. United States* (9th Cir. 1990) 918 F2d 811, 812, 813; *Carmona v. Ross* (8th Cir. 2004) 376 F3d 829, 830 (plaintiff entitled to additional 120 days to serve defendants named for first time in second amended complaint, even if he had failed to timely serve defendants named in first amended complaint)

Plaintiff respectfully submits that, it has prosecuted this case diligently and professionally, thereby demonstrating good cause as to why the action should not be dismissed for failure to prosecute. *See,* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve], the court shall extend the time for service for an appropriate period." *Voltage Pictures, LLC v. Does 1-5,000,* __ F.Supp.2d___, 2011 WL 1807438, n.2 (D.D.C. 2011) (granting plaintiff in a copyright suit against Doe defendants a total of 265 days to obtain identifying information). The time that it has taken to identify and serve the John Doe defendants is attributable to the inherent difficulty of learning the identity of the anonymous internet users who are infringing Plaintiff's copyright. Plaintiff moved promptly to subpoena the required information from the ISPs, has named them through amendment, and is now promptly attempting the serve them.

//
//

## II. CONCLUSION

Plaintiff respectfully requests that the Court discharge its OSC. Plaintiff has diligently and in good faith been pursuing the identity of each defendant, amending the complaint to show the same, and diligently attempting to serve the defendants but due to complexities beyond its control, has been unable to do so. Plaintiff has diligently set to the task of identifying the anonymous internet users who are infringing its copyright, naming, and serving them. It, however, requires the full 120 days following the amendment to effect service on the now named defendants.

Respectfully submitted this 31st day of January, 2013.

            LANG, HANIGAN & CARVALHO, LLP

            By: s/ Arthur Carvalho, Jr.
              Attorneys for Plaintiff, 808 Holdings, LLC.

## CERTIFICATE OF FILING AND NON-SERVICE

I hereby certify that the foregoing document was filed electronically using this Court's CM/ECF system on January 31, 2013. As the identities of the Doe Defendants are unknown at this time, Plaintiff is unable to serve any defendant.

DATED: January 31, 2013         LANG, HANIGAN & CARVALHO, LLP.

                                By: s/ Arthur Carvalho, Jr.
                                    Attorneys for Plaintiff
                                    808 HOLDINGS, LLC.

# EXHIBIT 1

Timothy R. Hanigan (State Bar No. 125791)
trhanigan@gmail.com
Arthur Carvalho, Jr. (State Bar No. 125370)
acarvalho@lhcllp.com
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
Telephone:  (818) 883-5644
Facsimile:   (818) 704-9372

Attorneys for Plaintiffs
808 Holdings, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD ASHCRAFT, an individual; and MICHAEL BURT, an individual; as members of the COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63 C23C91ON, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV12-2250 CAS(Ex)<br><br>DECLARATION OF LYNN A. KUNERT IN SUPPORT OF PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE |

I, LYNN A. KUNERT, declare under penalty of perjury that:

1. I am over the age of 18 and am a resident of the State of California.

2. I have personal knowledge of the facts herein, and if called as a witness, could testify competently thereto.

3. I am employed as an office assistant by Counsel for the Plaintiff.

4. On January 30, 2013, I served Defendants Richard Ashcraft, Jr and Michael Burt, with the summons and complaint via certified mail, return receipt requested and postage prepaid, in

---
1
*Declaration of Lynn A. Kunert*

1 | accordance with California Code of Civil Procedure §415.40. A copy of the certified mail
2 | receipt is attached to this declaration as Exhibit A.
3 |
4 | Signed under penalty of perjury this __31st__ day of January, 2013 in Woodland Hills, CA.
5 |
6 | Lynn A. Kunert

# EXHIBIT A



